**STATE OF MONTANA,**
    **Plaintiff,**
    **-vs-**
**KRISTOPHER LEE WILKERSON,**
    **Defendant.**

**CAUSE NO. DC-03-307A**
**DECISION**

On April 1, 2004, the Defendant was sentenced for Criminal Distribution of Dangerous Drugs, a felony, in violation of 45-9-101(1), MCA, to a consecutive term of Ten (10) years in the Montana State Prison, with Seven (7) years suspended; and other terms and conditions given in the Judgment and Sentence on April 1, 2004.

On August 22, 2013, the suspended sentence was revoked; and the Defendant was sentenced for Criminal Distribution of Dangerous Drugs, a felony, in violation of 45-9-101(1), MCA, committed to the Department of Corrections for a period of Seven (7) years with Two (2) years suspended; with recommended placement at Connections Corrections followed by Pre-Release; comply with all requirements imposed in the Judgment on April 1, 2004, as conditions of parole; credit for 55 days, no credit for any time otherwise served on probation; and other terms and conditions given in the Order of Revocation, Judgment and Sentence on August 22, 2013.

On February 28, 2014, the Defendant's Application for review of that sentence was

heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. Mr. Sheehy appeared by Vision Net from his office in Missoula, Montana, due to severe weather and traveling conditions. The State was represented by Kenneth Park Deputy Flathead County Attorney.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 12, Rules of the Sentence Review Division of the Supreme Court of Montana, provides that, "The sentence imposed by the District Court is presumed correct. The sentence shall not be reduced or increased unless it is clearly inadequate or clearly excessive." (Section 46-18-904(3), MCA).

It is the unanimous decision of the Division that the sentence imposed was clearly excessive based on the nature of the probation violations at issue, and based upon the extensive clear conduct of the Defendant prior to the revocation. Based on the Division's finding that the sentence was clearly excessive, the SRD grants a request for a reduced sentence in this case. The Division directs the Defendant be sentenced to a term of custody to the Montana Department of Corrections for Seven (7) years with Six (6) of those years suspended. The Division also notes that in the underlying Judgment the Defendant was granted 55 days' of jail credit toward the custodial portion of the revocation sentence, and he continues to be entitled to that 55 days credit. Additionally, the Defendant shall be given credit for all custodial time served from the date of imposition of sentence on the underlying sentence up to today's date. On Page 1, first sentence of the Judgment, there is an incorrect reference to the underlying offense. The Defendant was convicted of criminal distribution of dangerous drugs. The first sentence of the Judgment reflects *erroneously a charge of criminal possession of dangerous drugs.* In the amended judgment the referenced offense shall be corrected as well. The District Court shall enter an amended judgment consistent with the reduced sentence ordered by the Division. The remaining terms and conditions of the sentence imposed are not clearly inadequate or clearly excessive and are AFFIRMED.

Done in open Court this 28th day of February, 2014.

DATED this 31st day of March, 2014.

Chairperson, Hon. Brad Newman, Member Hon. Kathy Seeley and Member Hon. Brenda Gilbert.